UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, | CV F   04 5793 OWW LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1.) |
| DEPUTY DISTRICT ATTORNEY DAVID CARRASCO, et. al., | |
| Defendants. | |

Josh Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on July 6, 2004, naming Deputy District Attorney David Carrasco and his Legal Assistant, Veronica Mendoza, as Defendants. Plaintiff is seeking monetary damages.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that Deputy District Attorney David Carrasco and his Legal Assistant, while litigating a separate civil rights action pending in this Court,[1] "knowingly, willingly and deliberately conducted an unpermissible discovery of Plaintiff's medical records without serving Plaintiff a Request for Production or an Order from the Court" thereby violating his rights. Plaintiff is seeking monetary damages in the amount of 25.5 million dollars in addition to injunctive relief to strike all of Defendants evidence in support of their Motion for Summary Judgment.[2]

**C. DISCUSSION**

As noted above, Plaintiff alleges that Defendant Carrasco obtained his medical records

---

[1] The action is Thomas v. Stephens, CV F 00-5817 AWI SMS P and is set for trial on January 17, 2006, before the Honorable Judge Ishii. The sole issue in the case is an Eighth Amendment claim for deliberate indifference to medical needs.

[2] The Motion for Summary Judgment referred to was filed on December 23, 2003 (Doc.96) sought to dismiss the aforementioned Eighth Amendment medical claim. The Court issued Findings and Recommendations to deny the Motion on the Eighth Amendment grounds on May 28, 2004 (Doc. 120) and the Recommendation was adopted by the District Court on September 10, 2004 (Doc. 127.)

1  without utilizing the proper discovery mechanism in Case No. CV F 00-5817 AWI SMS P.
2  Plaintiff's remedy, however, is not in filing a separate civil action but to file the appropriate
3  motion in the action from which the claims arose.
4      The general method of obtaining medical records is usually through the discovery
5  process.  Thus, Plaintiff's allegation that Defendants did not utilize the discovery process to gain
6  access to his medical information is a contention more appropriately raised in Case No. CV F 00-
7  5817 AWI SMS P.   The Court has examined the Court Docket in that case and notes that
8  Plaintiff has routinely filed Motions related to discovery, including sanctions.  It is unclear,
9  however, why Plaintiff chose to file a separate civil action rather than file a Motion concerning
10 the use of the medical information in the relevant case.  Plaintiff should note, however, that the
11 his privacy right in medical records is neither fundamental nor absolute.  <u>Whalen v. Roe</u>, 429
12 U.S. 589, 603-604 (1977).  The holder of a privacy right can waive it through a variety of acts,
13 including by written authorization or instituting a lawsuit.  <u>Id</u>.  Moreover, where an individual
14 institutes a law suit against a state wherein his health and medical records are at issue, release of
15 the records would likely be ordered, even over objection, during discovery.  In any event, with
16 respect to the allegations in the Complaint, Plaintiff has not allege facts sufficient to support a
17 cognizable claim for relief in an independent Section 1983 action.

18 **D. CONCLUSION AND RECOMMENDATION**

19     Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief
20 under section 1983.  Further, the Court finds that the deficiencies outlined above are not capable
21 of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C.
22 § 1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the
23 Court RECOMMENDS that this action be dismissed in its entirety.
24     It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
25 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
26 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
27 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
28 of this Report and Recommendation, any party may file written objections with the Court and

1  serve a copy on all parties. Such a document should be captioned "Objections to Magistrate
2  Judge's Findings and Recommendations." Replies to the Objections shall be served and filed
3  within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
4  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
5      The parties are advised that failure to file objections within the specified time may waive
6  the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
7  1991).

10      IT IS SO ORDERED.

11  **Dated:   November 21, 2005**          /s/ Lawrence J. O'Neill
    b9ed48                                 UNITED STATES MAGISTRATE JUDGE