IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>          Plaintiff,<br><br>vs.<br><br>D. A. CARRASCO, et al.,<br><br>          Defendants.<br>_____/ | 1:04-cv-05793-OWW-YNP-GSA(PC)<br><br>ORDER DENYING REQUEST<br>FOR REIMBURSEMENT<br>OF COSTS OF SERVICE |

## I.  BACKGROUND

Plaintiff, is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the April 29, 2009, first amended complaint (Doc 24.) On June 17, 2009, the court issued an order for this action to proceed on the first amended complaint against defendants Carrasco, Ndoh, Angiol, Dunifer, Sanchez, Cooper, Null, Clark, Enriquez, Grannis, Alves, Adams, Peterson and Mendoza . On July 9, 2009, the court ordered the United States Marshal ("Marshal") to serve process upon the defendants in this action.  On February 8, 2010, the Marshal returned three USM-285 forms indicating that on February 2, 2010, service was attempted upon Defendant Barry D. Alves, and on February 4, 2010, service was attempted upon Defendants Chris Angiol and E. Sanchez. On February 22, 2010, the Marshal filed a request for a court order requiring Defendants to reimburse the costs incurred by the Marshal for personal service ("Marshal's Request"), pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. (Doc. 58.)  Defendants have not filed

1 | an opposition.

## II. DISCUSSION

Rule 4(d)(2) of the Federal Rules of Civil Procedure provides in part:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

The Marshal requests the court to impose costs on Defendants Alves, Angiol and Sanchez for their failure to avoid unnecessary costs. On December 31, 2009, the Marshal filed USM-285 forms indicating that a waiver of service form was mailed to Defendants Alves, Angiol and Sanchez on July 13, 2009, and no response was received. Though the USM 285 forms include the cost of service for each of the above defendants, the forms are unclear as to whether they were personally served. As to Defendant Alves, the form indicates a date of service of February 2, 2010, at 10:15 a.m., but does not indicate where Alves was served. The form indicates that the Deputy Marshal certifies that "I am unable to locate the individual, company, corporation, etc., named above." The form notes that service was attempted at CDCR Headquarters on February 2, 2010, but Alves was not located on the locator list. Further, the section of the USM 285 form that certifies that the defendant has been personally served is not checked or marked. It is unclear from the USM 285 form whether Defendant Alves was personally served.

As to Defendant Sanchez, the USM 285 form does not include a certification that Defendant Angiol was personally served. Though a date and time of service is indicated, the Deputy Marshal certified that the individual was unable to be located. A street address is listed on the USM 285 form, along with the notation "not living at this address." It is unclear from the USM 285 form whether Defendant Sanchez was personally served.

As to Defendant Angiol, the form indicates a date and time of service, but the Deputy Marshal certifies that the defendant is unable to be located. In the section of form indicating address of service,

| | |
|---|---|
| 1 | the form notes "refused by Francisco Villa (lit. office tech) stated not at facility." It is unclear from the |
| 2 | USM 285 form whether Defendant Alves was personally served. |
| 3 | Fed. R. Civ. P. 4(d)(2) specifies that the court shall impose costs on a defendant who is located. |
| 4 | Given that the USM 285 forms certify that the defendants were unable to be located, the request must |
| 5 | be denied without prejudice to its renewal along with certification or documentation that the defendants |
| 6 | have been located. |
| 7 | Accordingly, IT IS HEREBY ORDERED that the request for reimbursement filed by the U.S. |
| 8 | Marshal on February 22, 2010, is denied without prejudice. |

IT IS SO ORDERED.

Dated: **March 3, 2010**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE